IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HEATHER HIRSCHHORN, CYD KIRKSEY, MAYA RAMAN, FIONA HAMILTON, GREGORY JONES, LASHONTA THOMPSON, FERNANDO CASTRO, SILVIA GONZALEZ, REYNARD JEFFERSON, JUAN JIMENEZ, RUBY JOHNSON, JOSE ALFREDO MIRANDA, TYRONE MOSBY, ANTONIO PEREZ, ELSA RIOS, DENISE SANCHEZ, SILVINA SERY, and DENISE WILLIAMS<br><br>Plaintiffs,<br><br>v.<br><br>UNITE HERE, LOCAL 1, and CHICAGO HOTEL MANAGEMENT SERVICES, LLC d/b/a FAIRMONT CHICAGO MILLENNIUM PARK and/or FAIRMONT CHICAGO,<br><br>Defendants. | No.   13 C 8387<br>Hon. Judge Ronald A. Guzman<br>Initial Status: January 21, 2014, 9:30 am |

**INITIAL JOINT STATUS REPORT**

Counsel for the parties conferred on December 19, 2013. They advise the Court as follows:

      A.    The attorneys of record for each party, including the attorney(s) expected to try the case.

Plaintiffs:

Jeffrey Friedman
Law Office of Jeffrey Friedman, P.C.
120 S. State Street, Suite 400
Chicago, IL 60603
(312) 357-1431

1

Defendant Unite Here, Local 1:

Paul More, *pro hac vice*
Davis, Cowell & Bowe LLP
595 Market Street, Suite 1400
San Francisco, CA 94105
(415) 597-7200

N. Elizabeth Reynolds
Allison, Slutsky, & Kennedy, P.C.
230 W. Monroe Street, Suite 2600
Chicago, IL 60606
(312) 364-9400

Defendant The Chicago Hotel Management Services Company LLC ("CHMS"):

Thomas J. Posey
Faegre Baker Daniels LLP
311 S. Wacker Drive, Suite 4400
Chicago, IL 60606
(312) 212-6500

  B. The basis for federal jurisdiction.

  Plaintiffs claim federal question jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1331and 29 U.S.C. § 185(c). Defendant UNITE HERE Local 1 has challenged subject matter jurisdiction over some of Plaintiffs' claims in its Rule 12(b)(1) and 12(b)(6) motion to dismiss.

  C. The nature of the claims asserted in the complaint and any counterclaim.

  Plaintiffs, all of whom are union members, allege that the Defendant Union failed to fairly represent Plaintiffs in their complaints and grievances against their employer, Defendant Fairmont, in violation of the Labor Management Relations Act, 29 U.S.C. Section 185, *et seq*. Specifically, Plaintiffs allege that the Union Shop Steward failed to represent Plaintiffs in their complaints, and instead advocated for the interests of the Defendant Fairmont over the interests of the Union members. Plaintiffs also allege a breach of fiduciary duty against the Defendant Union. Plaintiffs allege a failure by the Defendant Fairmont to comply with the Collective Bargaining Agreement (CBA), by allowing the Union Shop Steward improper control and authority and acquiescing to her conduct.

  Defendant UNITE HERE Local 1 denies Plaintiffs' allegations and has moved to dismiss all Counts in Plaintiffs' First Amended Complaint.

  Defendant CHMS also denies Plaintiffs' allegations and has moved to dismiss Counts I and II of Plaintiffs' First Amended Complaint

    D.    The name of any party who or which has not been served, and any fact or circumstance related to non-service of process on such party.

    None.

    E.    Whether a jury trial has been demanded by any party.

    Yes.

    F.    A brief description of any discovery that has been taken and of the discovery anticipated to be required, and suggested dates for discovery deadlines and cutoff. Parties are reminded of their discovery obligations under Fed. R. Civ. P. 26 and Local Rule 26.1.

    Defendants intend to request a stay of discovery until their pending motions to dismiss are resolved. They propose this discovery plan in the event that their stay request is not granted.

    The Plaintiffs' First Amended Complaint was filed on December 20, 2013. The Defendants both filed motions to dismiss on January 13, 2014.

    No discovery has been conducted.

    The Plaintiffs propose exchanging Rule 26(a)(1) disclosures on or before January 20, 2014. The Defendants propose exchanging Rule 26(a)(1) disclosures by February 20, 2014, in the event that their request to stay discovery is denied.

    The Plaintiffs propose the following initial written discovery schedule:

(a)    Propound written discovery by March 7, 2014;
(b)    Answer written discovery by April 7, 2014;
(c)    Complete party depositions by May 23, 2014; and
(d)    Report to the Court on the status of fact discovery on or about May 27, 2014.

    There are eighteen plaintiffs. The Plaintiffs request that this Court enter a protective order limiting the duration of each of the Plaintiff's deposition to a maximum of three hours. If the defendant takes a deposition of a plaintiff and believes it is not complete in three hours, then the Defendants may move for additional time, upon a showing of a reasonable basis.

    Both Defendants object to Plaintiffs' proposed discovery schedule, which is unrealistic and which Plaintiffs did not propose during the parties' Rule 26 conference. There are eighteen Plaintiffs, each of whom makes separate factual allegations against the Defendants and each of whom will be subject to written discovery and deposition.

    Defendants propose the following discovery schedule:

3

    (a) Discovery cut-off for all written discovery and depositions: October 17, 2014 (ten months after Rule 26 scheduling conference);
    (b) Interim status report on discovery: August 18, 2014.
    (c) Deadline to disclose expert testimony: October 17, 2014.
    (d) Deadline to disclose rebuttal expert testimony: November 16, 2014

Defendants will object to any protective order limiting depositions of Plaintiffs to three hours, when and if a motion for such an order is filed.

    (d)

The Defendants request a stay on conducting discovery pending this Court's ruling on their motions to dismiss.

    G.    If reasonably ascertainable at this early stage of the case, the earliest date the parties would be ready for trial and the estimated length of trial.

Unknown at this time.

    H.    Whether the parties consent unanimously to proceed before a Magistrate Judge.

No.

    I.    The status of any settlement discussions.

No settlement discussions have taken place to date.

Respectfully submitted,

PLAINTIFFS


/s/    Jeffrey Friedman
By Jeffrey Friedman

4

DEFENDANT UNITE HERE, LOCAL 1


/s/      *Paul More*
By Paul More


DEFENDANT THE CHICAGO HOTEL MANAGEMENT SERVICES COMPANY LLC


/s/            *Thomas J. Posey*
By Thomas J. Posey



LAW OFFICE OF JEFFREY FRIEDMAN, P.C.
Attorneys for Plaintiff
120 S. State Street, Suite 400
Chicago, Illinois  60603
312- 357-1431